UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION
TRUST FUND, et al,

            Plaintiffs,

   v.

            Case No. 24-cv-0761-bhl

PROGRAMMED PAINTING SERVICE INC,

            Defendant.

## ORDER FOR SUPPLEMENTAL BRIEFING

On June 19, 2024, Plaintiffs Building Trades United Pension Trust Fund, William Bonlender, Painters Local 781 Health Fund, Painters Local 781 Apprenticeship and Training Fund, Jeff Mehrhoff, PDI Inc., Industry Advancement Program/Contract Administration Fund, and Painters & Allied Trades District Council No. 7 AFL-CIO commenced this lawsuit against Defendant Programmed Painting Service Inc. (ECF No. 1.) Plaintiffs allege that Defendant failed to make contributions to various funds from January 2019 through February 2024 as required by a collective bargaining agreement, thus violating the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. (*Id.*) On October 7, 2024, the Defendant had not yet appeared, and proof of service had not been filed. The Court issued an order for Plaintiffs to file proof of service or show good cause for their failure to serve. (ECF No. 3.) Plaintiffs untimely served Defendant on October 19, 2024 and filed proof of service on October 21, 2024. (ECF No. 4.) Despite accepting service, Defendant has never appeared in this case. (*See id.*) As a result, on February 24, 2025, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). On March 24, 2025, Plaintiffs moved for default judgment under Federal Rule of Civil Procedure 55(b)(2) for the ERISA violations.[1] (ECF Nos. 9 & 15.)

---

[1] Though alleged in the complaint, Plaintiffs do not appear to be requesting a damage award for any violation of the LMRA. (*See* ECF No. 12.)

ERISA requires employers to contribute to employee-benefits funds pursuant to the terms of a collective bargaining agreement. 29 U.S.C. § 1145. In the event an employer fails to fulfill its obligation, a participant or beneficiary may commence litigation. 29 U.S.C. § 1132(a)(1)(B). Section 1132(g)(2) details the allowed recovery for a Section 1145 violation. Failure to make contributions results in an award of the unpaid contributions, interest on the unpaid contribution, either interest on the unpaid contributions or liquidated damages not to exceed 20% of the unpaid contributions, reasonable attorneys' fees and costs, and any other legal or equitable relief as the Court deems appropriate. § 1132(g)(2). Liquidated damages and interest may also be collected on late-paid contributions, though the liquidated damages are still subject to Section 1132(g)(2)'s 20% cap. *Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction*, 258 F.3d 645, 654–55 (7th Cir. 2001).

Under Rule 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In cases alleging a violation of ERISA, the plaintiff can prove definite figures through submission of affidavits or declarations authenticating collective bargaining agreements, audits, and itemized billing statements showing attorney's fees and costs. *See Trs. of Cent. Laborers' Pension, Welfare & Annuity Funds v. Robinson*, No. 08-454-DRH, 2008 WL 5191761, at *2 (S.D. Ill. Dec. 11, 2008); *Wis. Sheet Metal Workers Health & Benefit Fund v. CC Installations, Inc.*, No. 11-C-641, 2011 WL 5404035, at *2 (E.D. Wis. Nov. 7, 2011); *N. Cent. States Reg'l Council of Carpenters' Pension Fund v. Ceiling Constructors, Inc.*, 14-cv-701-bbc, 2015 WL 12585908, at *1 (W.D. Wis. Mar. 12, 2015).

In this case, the complaint alleges that Defendant failed to remit all required contributions to Plaintiffs' benefit funds in violation of ERISA. (ECF No. 1 ¶17.) Plaintiffs have submitted declarations, remittance receipts, the relevant agreements, and an itemized statement of attorney's fees and costs. (ECF Nos. 11–14.) Based on these submissions, Plaintiffs request $166,237.45 for unpaid contributions; $97,577.17 in liquidated damages; $49,906.09 in interest; $4,140.00 in attorney's fees; and $390.00 in costs, totaling $318,250.71. (ECF No. 12 at 12.)

The Court cannot confirm whether the liquidated damages requested exceed the 20% statutory cap. From a glance, it appears that Plaintiffs are requesting liquidated damages that are roughly 59% of the unpaid contributions. But at least some of the liquidated damages are for late-

paid contributions, which would appear to inflate that percentage. After reviewing the submissions, the Court has confirmed that the liquidated damages for late paid contributions to the pension fund from October 1, 2019 through December 31, 2020 do not exceed the 20% statutory cap. (*See* ECF No. 10-5 at 6–11.) But the Court has not been able to verify the remaining balance requested. Accordingly, the Court cannot enter the default judgment Plaintiffs request.

To resolve the ambiguity, the Court will allow Plaintiffs 14 days to submit supplemental briefing justifying their request for liquidated damages or to provide an amended figure that is fully and properly supported. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs must submit supplemental briefing explaining why their current damages request complies with the statutory requirements or otherwise revising their damage submission on or before **April 21, 2025.**

Dated at Milwaukee, Wisconsin on April 7, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
